CIACCIO, Judge.
We granted certiorari to consider the trial court’s denial of defendant’s motion for summary judgment. For the reasons stated, we reverse the judgment of the trial court.
Plaintiffs, Jack Scheinuk and his son, Arthur Scheinuk, III, instituted these proceedings against American Health and Life Insurance Co., alleging that defendant was liable for certain medical expenses incurred by Arthur Scheinuk pursuant to a group insurance policy in which his father was a named insured. Plaintiffs further alleged that they are entitled to a penalty of double benefits and reasonable attorney’s fees, in accordance with the provisions of La.R.S. 22:657, due to American Health’s refusal to pay these medical expenses.
American Health denied the allegations of the plaintiffs’ petition, claiming that the plaintiffs failed to submit documentation to support the claim that Arthur Scheinuk, III, who was 27 years old on the date the medical expenses were incurred, qualified as a covered dependent under the terms of the policy. Defendant also reconvened, alleging that due to the statements made by the plaintiffs in their petition, the policy of insurance should be declared null and void from its inception, with all premiums refunded to the plaintiff. Alternatively, American Health demanded that the policy be rescinded and declared null and void from the date plaintiff was first informed his claim was rejected, with defendant to retain the earned premiums.
American Health subsequently moved for summary judgment on the grounds that the pleadings, affidavits and insurance policy submitted clearly showed that no genuine issue of material fact exist, and that it was entitled to judgment of dismissal of plaintiffs’ demands as a matter of law. Attached to the motion was a copy of the insurance policy issued by American Health and an affidavit of Resa Dunkin, a claims manager for defendant who stated that the claims information received from the plaintiffs indicated that Arthur Schei-nuk, III did not qualify as a dependent within the provisions of the policy and that American Health had received no documentation to support the claim he was solely dependent on Jack Scheinuk for support.
The motion for summary judgment was denied by the trial court without written reasons. American Health applied for supervisory review on two grounds:
1) Arthur Scheinuk, III does not qualify as an insured dependent under Group Policy 10627, and defendant is entitled to judgment in its favor as a matter of law;
and
2) Plaintiffs have no cause of action against defendant for penalties and mandatory attorney’s fees because La.R.S. 22:657 is preempted by the federal ERISA statute.
Because our holding on the first issue dismisses plaintiffs’ petition in its entirety, we pretermit a discussion of plaintiffs’ claim for penalties and attorney’s fees.
The insurance policy submitted by defendant is a group insurance policy, naming as policy holder Mutual Employers Trust with the effective dates of May 1, 1983 through September 1, 1984. Group Policy No. 10627 issued to Mutual Employers Trust provides a schedule of benefits in favor of Scheinuk Insurance Agency, and names Jack Scheinuk as insured. The policy also contains the following supplementary provisions regarding coverage of an insured’s dependents:
SUPPLEMENTARY PROVISIONS PROVIDING DEPENDENT’S MAJOR MEDICAL INSURANCE
MEDICAL BENEFIT
If an insured’s dependents are covered for medical insurance, we will pay the *917 insured the benefits provided by this section of the policy when we receive proof that his or her dependent has incurred covered medical expenses. Benefits to covered dependents are the same as those for the insured. All provisions of the comprehensive major medical insurance section of this policy apply to covered dependents, as added to or modified by the following provisions of this section of the policy. The schedule of benefits indicates whether or not dependents are covered.
DEPENDENTS DEFINED
Dependent means any of the following persons:
1. an Insured’s spouse, unless legally separated;
2. each unmarried child from birth to age 19 who is primarily dependent upon the Insured for support and maintenance;
3. each unmarried child at least 19 years of age to age 23 who is primarily dependent upon the Insured for support and maintenance and who is considered a full-time student by an accredited school or college;
4. each unmarried child at least 19 years of age:
a. who is primarily dependent upon the Insured for support and maintenance;
b. who is incapable of self-sustaining employment by reason of mental retardation or physical handicap;
c. who was so incapacitated and insured under this policy on his or her 19th birthday; and
d. who has been continuously so incapacitated since his or her 19th birthday.
Plaintiff, Jack Scheinuk, submitted a medical claim form dated August 19, 1984 to American Health on behalf of his son Arthur Scheinuk, III, seeking payment of his son’s medical expenses for injuries sustained on August 8, 1984. The date of birth of Arthur Scheinuk is May 29, 1957, and at the time of his injury he was 27 years of age. These facts are not in dispute.
Plaintiffs submit the affidavit of Jack Scheinuk which states that Arthur Schei-nuk III is primarily dependent upon his father for maintenance and support and is incapable of self-sustaining employment. Plaintiffs contend that this qualifies Arthur Scheinuk for dependent coverage under the policy and that therefore a disputed issue of material fact remains.
However, in order to qualify for coverage under the subject policy, Arthur Schei-nuk III, at the age of 27, would have to be classified as a dependent of the insured by meeting the four criteria set forth in the supplementary provisions of the policy with regard to dependent coverage. A dependent is defined under Section 4 of these provisions as an unmarried child at least 19 years of age:
a) who is primarily dependent upon the Insured for support and maintenance;
b) who is incapable of self-sustaining employment by reason of mental retardation or physical handicap;
c) who was so incapacitated and insured under this policy on his or her 19th birthday; and
d) who has been continuously so incapacitated since his or her 19th birthday.
(Emphasis added)
This provision requires a child of plaintiff’s age to meet all four criteria to qualify as a dependent under the policy. Although plaintiffs argue that Arthur Scheinuk is primarily dependent upon the insured for support and maintenance and has been since his 19th birthday, there has been no showing that this individual was so incapacitated and insured under this policy at the time of his 19th birthday.
Rather, the record shows that this insurance policy was issued to Scheinuk Insurance Agency on May 1,1983, at which time Arthur Scheinuk was 25 years of age. Arthur Scheinuk III was not insured under this policy on his 19th birthday, and he cannot qualify as a covered dependent by the express terms of this policy because he fails to meet the criteria set forth in Section 4(c).
*918 We conclude therefore that there are no material facts in dispute on the issue of the coverage of Arthur Scheinuk III, and defendant is entitled to judgment as a matter of law. Accordingly, the judgment of the trial court denying defendant’s motion for summary, judgment is reversed, and the motion for summary judgment is hereby granted. There is judgment in favor of American Health and Life Insurance Co., and against plaintiffs, dismissing plaintiffs’ suit at their cost.
REVERSED AND RENDERED.